CASE 42—PETITION EQUITY—FEBRUARY 14.

## Moore vs. Pogue's ex'ors.

### APPEAL FROM GREENUP CIRCUIT COURT.

The lapse of seventeen years from the maturity of a bond, where the obligors continued solvent during that period, although not *per se* sufficient to authorize the legal presumption of payment, is a persuasive circumstance, in the absence of any demand, recognition, or partial payment, and when slightly corroborated, may be sufficient evidence of payment.

E. F. DULIN, for appellant, cited 2 *Bibb*, 387.

L. T. MOORE, on same side, cited *Civil Code, section* 299.

W. C. IRELAND for appellee.

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT:

Although the lapse of seventeen years after a bond became due was not, *per se*, sufficient to authorize the legal presumption of payment by obligors of undoubted solvency continued during that entire period, yet it is a persuasive circumstance, in the absence of any demand or recognition or partial payment of principal or interest, and may, when even slightly corroborated by extraneous facts, be sufficient evidence of payment for all judicial purposes.

Such is this case.  The payment is alleged to have been made to the attorney of the creditor, whose authority to collect is not disputed.  And, though the payor's declaration, that he had gone to Greenupsburg from his home in Virginia to pay the money to the attorney, who then resided there, and actually did there pay him, was not legal evidence of payment, yet the testimony of Nichols, that the declarant borrowed the money and started to Greenupsburg for the avowed purpose of paying it, was legitimate to prove those two facts, and they sufficiently corroborate the presumption in fact of payment, arising from such long forbearance without proof of any satisfactory reason for it by the attorney whose duty it was to collect the debt promptly.  He testifies that he has " no recollection " of the alleged payment, and does not believe that it was made.  But he does not say that he notified his non-resident clients of non-payment, or consulted them about forbearing the collection.  Nor is there any intimation that the clients ever complained of non-payment.  These, too, are rather significant facts.

Moreover, if the attorney collected the money and never paid it over, he must be presumed to have used it; and, under this bias, although he may be a man of good character and generally credible, his mere non-recollection cannot be entitled to repellant force sufficient to overcome or neutralize the presumption of payment resulting from time and other facts proved by the appellant.

We are, therefore, of the opinion that the circuit court erred in dissolving the injunction and dismissing the bill.

Wherefore, that judgment is reversed, and the cause remanded, with instructions to perpetuate the injunction against the enforcement of the sale bond by execution or otherwise.